UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JERMAINE ROSS, | : | |
| Petitioner, | : | CASE NO. 3:15-cv-147 (VAB) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| Respondent. | : | FEBRUARY 24, 2015 |
| | : | |

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, Jermaine Ross, currently incarcerated at the Franklin House of Correction in Greenfield, Massachusetts, brings this action pro se challenging his 2002 Connecticut conviction for possession of narcotics on the ground that he received ineffective assistance of counsel. Pet. for Writ of Habeas Corpus ¶ 4, ECF No. 1. He alleges that his lawyer failed to advise him of the immigration consequences of a guilty plea. *Id.* ¶¶ 5-6. The petitioner seeks a writ of habeas corpus vacating the state court judgment. For the reasons that follow, the petition is dismissed.

In order to obtain relief in federal court from his Connecticut conviction, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3). *See Lackawanna County District Attorney v. Cross*, 532 U.S. 394, 401 (2001) (noting that the "first showing a § 2254 petitioner must make is that he is '*in custody* pursuant to the judgment of a State court'") (emphasis added). The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," *Maleng v. Cook*, 490 U.S. 488, 490-91

(1989) (citation omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack.  *See Garlotte v. Fordice*, 515 U.S. 39, 41 (1995).  The "'in custody' language of § 2254(a) is jurisdictional." *Ogunwomoju v. United States,* 512 F.3d 69, 75 (2d Cir. 2008).

It is apparent from the face of the petition that the petitioner is not in custody under the Connecticut conviction he seeks to attack.  The petitioner alleges that, on August 11, 2002, he was sentenced to a three-year term of imprisonment, execution suspended, and three years of probation.  Pet. ¶ 4, ECF No. 1.  In his petition, he states that he is currently in the custody of Immigration and Customs Enforcement.  *Id.* ¶ 2.

In *Maleng*, the Supreme Court held that a habeas petitioner does not remain "'in custody' under a conviction after the sentence imposed for it has fully expired, merely because" that conviction had been used to enhance a subsequent sentence.  490 U.S. at 492-93.  The Second Circuit has specifically held "that one held in immigration detention is not 'in custody' for the purpose of challenging a state conviction under § 2254." *Ogunwomoju,* 512 F.3d at 75 (citations omitted).  At best, removal proceedings are a collateral consequence to the conviction which do not render an inmate "in custody" for the purpose of filing a habeas petition.  *Id.* (citing *Maleng*, 490 U.S. at 492).  Because the petitioner is no longer in custody on the state sentence he seeks to attack, this Court lacks jurisdiction to entertain his petition.  *See Triumph v. Connecticut*, 308 F. App'x 550, 551-52 (2d Cir. 2009) (affirming dismissal for lack of jurisdiction where sentence imposed for challenged 1994 state court conviction was fully served at the time the habeas petition was filed, the petitioner was in immigration detention at the time of the filing, and the challenged conviction served as the grounds for the order of removal).

The petition for writ of habeas corpus [**ECF No. 1**] is **DISMISSED** for lack of jurisdiction.  The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 24th day of February 2015 at Bridgeport, Connecticut.

 /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge